UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Roofers Local No. 96 Fringe Benefit Funds and the Trustees of the National Roofing Industry Pension Plan, | Civil No. 05-548 (PAM/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| G&S Roofing, Inc., a Minnesota corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion for a Default Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Plaintiffs are trustees and fiduciaries of the Roofers Local No. 96 Fringe Benefit Funds and the National Roofing Industry Pension Plan (collectively "Funds"). The Funds are multi-employer plans established to provide pension, health and welfare, and vacation benefits to employees performing labor in the roofing industry.

In February 2003, Defendant G&S Roofing, Inc. entered an agreement, which bound Defendant to a collective bargaining agreement between the Twin Cities Roofing Contractors Association and the United Union of Roofers, Waterproofers, and Allied Workers Local Union No. 96 until April 30, 2007. The collective bargaining agreement details Defendant's obligations relating to fringe benefits for employees covered by the collective bargaining agreement. In particular, the collective bargaining agreement provides that Defendant make

monthly fringe benefit contributions to the Funds on behalf of each bargaining unit employee by the fifteenth day of the following month. The collective bargaining agreement also requires Defendant to make its employment and payroll records available for examination and audit by Plaintiffs whenever Plaintiffs deem an audit is necessary to determine whether Defendant has properly complied with its contribution obligations. In addition, the collective bargaining agreement provides that an employer who is delinquent in payment of the monthly contributions must pay the Funds liquidated damages equal to ten percent of the unpaid contribution amount. Finally, the collective bargaining agreement provides that a delinquent employer must pay all costs of collection incurred by the Funds, including all attorneys' fees and court fees.

In this action, Plaintiffs contend that Defendant has failed to submit fringe benefit contribution reports and contribution payments as required under the collective bargaining agreement.

**DISCUSSION**

Plaintiffs seek a default judgment against Defendant. Plaintiffs served the Summons and Complaint on Defendant on March 25, 2005. Defendant has failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel. Defendant has failed to plead or otherwise defend against the Complaint. Accordingly, default judgment is proper. See Fed. R. Civ. P. Rule 55(a).

To determine the appropriate amount of damages, the Court has reviewed the applicable provisions of the collective bargaining agreements, as well as an affidavit of Plaintiffs' counsel.  See Fed. R. Civ. P. 55(b).

Plaintiffs maintain that Defendant has failed to pay fringe benefit contributions owed under the collective bargaining agreement.  Plaintiffs' third party administrator conducted an audit of Defendant's records, which revealed that Defendant failed to report a number of hours worked by its employees from January 2004 to December 2004.  As a result, Defendant owes monies to the Funds.  (Kelly Aff. ¶¶ 10-11.)  In particular, Plaintiffs allege that Defendant failed to pay $53,328.00 for fringe benefit contributions to the Roofers Local No. 96 Fringe Benefit Funds, and that Defendant failed to pay the National Roofing Industry Pension Plan $14,467.15 for fringe benefit contributions.  (Id. at ¶¶ 12-13, Ex. B.)

Plaintiffs also contend that Defendant owes them liquidated damages.  Ten percent of the fringe benefit contributions allegedly due to the Roofers Local No. 96 Fringe Benefit Funds for the period of January 2004 to December 2004 equals $5,332.80.  (Id. at ¶ 14.)  Ten percent of the fringe benefit contributions allegedly due to the National Roofing Industry Pension Plan for the same period equals $1,446.72.  (Id.)

Finally, Plaintiffs claim they are owed costs relating to this action.  Plaintiffs' counsel avers that Plaintiffs have incurred $800.00 in attorneys' fees and costs related to the collection of the delinquent amount under the collective bargaining agreements.  (Id. ¶ 17.)

**CONCLUSION**

Based on all files and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Clerk Doc. No. 5) is **GRANTED.**

1. Defendant G&S Roofing, Inc. must pay the Plaintiff Trustees of the Roofers Local No. 96 Fringe Benefit Funds the amount of $58,660.80 as delinquent fringe benefit contributions and liquidated damages due for the period of January 2004 through December 2004;

2. Defendant G&S Roofing, Inc. must pay Plaintiff Trustees of the National Roofing Industry Pension Plan the amount of $15,913.87 as delinquent fringe benefit contributions and liquidated damages due for the period of January 2004 through December 2004; and

3. Defendant G&S Roofing, Inc. must pay Plaintiffs Trustees of the Roofers Local No. 96 Fringe Benefit Funds and Trustees of the National Roofing Industry Pension Plan the amount of $800.00 for attorneys' fees and costs incurred in collecting the delinquent amounts owed for the period of January 2004 through December 2004.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 7, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge